IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEANN G. ALLEY,<br><br>  Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>*Acting Commissioner Of Social Security*,<br><br>  Defendant. | )<br>)<br>)<br>)  Civil Action No. 21-1161<br>)<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 24th day of October 2022, the Court has considered the parties' cross motions for summary judgment and will order judgment in Defendant's favor except as to costs.[1] The Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.*, is supported by substantial evidence and will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[2]

---

[1]   Defendant has asked not only for a favorable determination of her summary judgment motion, but also that costs be taxed against Plaintiff. The latter request is unargued in her accompanying brief; therefore, the Court's Order excludes an award of costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[2]   Plaintiff has argued for the remand of this matter because the ALJ cited certain opinion evidence favorably but articulated a residual functional capacity ("RFC") finding that reflected only some of the findings in the opinions she had found to be persuasive. Having reviewed the ALJ's decision, the Court is assured that she considered all relevant evidence, supported her findings with enough evidence to satisfy a reasonable mind, and adequately explained how she arrived at her decision. Therefore, this Court will not order remand for further consideration of Plaintiff's denied DIB application.

  The Court reviews the agency's final determination of disability for substantial evidence. *Biestek*, 139 S. Ct. at 1152. In this case, the ALJ's decision became the agency's final decision when the Appeals Council denied Plaintiff's request for review (R. 1). 20 C.F.R. § 404.981. Pursuant to the substantial-evidence standard, the Court "looks to [the] existing administrative

record and asks whether it contains 'sufficient evidence' to support the agency's factual determinations," *i.e.*, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 139 S. Ct. at 1154 (citations omitted). In his or her decision, the ALJ must "build an accurate and logical bridge between the evidence and the result." *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citations omitted). Therein, the ALJ may not ignore evidence. *See Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981). However, ALJs are not expected to discuss every piece of evidence in the record. *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

An ALJ's assessment of disability under the Act proceeds in five steps, *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999), whereby an ALJ asks "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citations omitted); 20 C.F.R. § 404.1520(a)(4)(i)—(v). Before an ALJ considers the inquiries at step four and step five, he or she must formulate the claimant's RFC. 20 C.F.R. § 404.1545(a)(5). A claimant's RFC "is the most [he or she] can still do despite [his or her] limitations" arising from medically determinable impairments (severe and non-severe). *Id.* § 404.1545(a)(1)—(2). It must be based on "all of the relevant medical and other evidence" in the claimant's record. *Id.* § 404.1545(a)(3).

Plaintiff's argument for remand challenges the ALJ's consideration of the medical opinion/prior administrative medical findings evidence toward the RFC. Plaintiff has argued that the ALJ erred insofar as she accounted for only some of the State agency psychological consultants' opinions despite broadly finding their opinions to be persuasive. When ALJs consider medical opinion and prior administrative medical findings for applications filed on or after March 27, 2017, they must make a finding of persuasiveness of such evidence and explain how consistency and supportability factored into that determination. 20 C.F.R. § 404.1520c(a)—(c). Even a persuasive or very persuasive opinion need not be adopted wholesale for purposes of the RFC because the RFC determination is "reserved to the Commissioner." *Wilkinson v. Comm'r Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citations omitted). Moreover, there is no "requirement that an ALJ explicitly reject any part of a persuasive/very-persuasive opinion that does not make it into the RFC verbatim and provide an explanation for having purportedly rejected such evidence." *Mathews v. Kijakazi*, No. CV 21-1140, 2022 WL 4535087, at *1 n.2 (W.D. Pa. Sept. 28, 2022).

In this matter, the ALJ found Plaintiff had several severe, medically determinable mental impairments—bipolar disorder, anxiety disorder, and PTSD (R. 12)—and sought to formulate an RFC that would account for Plaintiff's symptoms and resultant limitations. To that end, she considered the evidence including Plaintiff's alleged symptoms, objective medical records, and the medical opinion/prior administrative medical findings. (R. 15—18). The only medical opinion/prior administrative medical findings evidence in Plaintiff's record was from the State agency psychological consultants, Dr. Faisal A. Roberts and Dr. John Robert Vigna. (R. 17).

---

Because the ALJ referred to this evidence as "opinion evidence" the Court will refer to Dr. Roberts and Dr. Vigna's findings as opinions though this evidence is best described as prior administrative medical findings evidence.  20 C.F.R. § 404.1513(a)(5) (explaining that "[a] prior administrative medical finding is a finding, other than the ultimate determination about whether you are disabled, about a medical issue made by our Federal and State agency medical and psychological consultants").

      Dr. Roberts and Dr. Vigna had opined that Plaintiff was mildly to moderately limited in her mental functioning.  (R. 17 (citing Ex. B4A, B6A)).  The ALJ found their opinions to be "persuasive" because they were "generally consistent with and supported by the record."  (*Id.*). She explained that the opinions were consistent with evidence of Plaintiff's "average cognition," "normal memory," lack of "abnormal thought content," and "few problems with interacting with people outside of her family," as well as evidence that her hospitalization and a manic episode both "occurred after [she] indicated that she stopped taking her medications as prescribed."  (R. 17—18).  Based on this and the other evidence, the ALJ formulated an RFC that limited Plaintiff's environmental and hazards exposure; interaction with the public, co-workers, and supervisors; and exposure to stress by directing "goal-oriented" rather than "production rate pace work."  (R. 14).  The ALJ also prohibited more than "occasional and routine changes in the work setting" and indicated Plaintiff could only "understand, remember and carry out simple instructions and perform simple routine tasks such as those akin to the requirements of work at the SVP 1 or SVP 2 levels."  (*Id.*).

      Plaintiff contends that Dr. Roberts and Dr. Vigna also opined that Plaintiff would be moderately limited in maintaining regular attendance, performing activities within a schedule, being punctual, completing a normal workday/week without interruptions from psychological symptoms, performing at a consistent pace without an unreasonable number and length of rest periods, and adhering to basic standards of neatness and cleanliness.  (R. 82—83, 98—99).  If the ALJ intended to reject these opinions, argues Plaintiff, she should have explained why her persuasiveness finding did not extend to them.  However, the Court discerns no error in the ALJ's discussion of the opinions offered by Dr. Roberts and Dr. Vigna.  The subordinate opinions Plaintiff points out do not "obviously support a specific functional limitation that the ALJ failed to include in the RFC," *Brown v. Kijakazi*, No. CV 21-89-E, 2022 WL 4338279, at *1 n.2 (W.D. Pa. Sept. 19, 2022), *i.e.*, neither Dr. Roberts nor Dr. Vigna opined Plaintiff would be absent or late to work a particular number of days, off-task a certain percentage of the day, or that she was functionally limited in any other way.  Not only that, but the Court also notes that Dr. Roberts ultimately opined that despite her moderate limitations Plaintiff could, *e.g.*, "maintain an acceptable level of personal hygiene," "perform[] within a schedule and at a consistent pace," and "meet basic mental demands" of work.  (R. 84).  Similarly, Dr. Vigna indicated Plaintiff "does appear capable of maintaining a schedule."  (R. 98).

      The expectation of the ALJ is not that she should separate each of these discrete subordinate opinions in evidence and either defend their rejection or specifically identify where they fit into the RFC determination.  *See Wilkinson*, 558 Fed. Appx. at 256; *Mathews*, 2022 WL

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 17) is GRANTED as specified above.

s/ Alan N. Bloch
United States District Judge

ecf:   Counsel of Record

---

4535087, at *1 n.2.  *But see Bebout v. Berryhill*, No. CV 17-667, 2018 WL 3361140, at *4 (W.D. Pa. July 10, 2018) (remanding because the ALJ did not explain her consideration of subordinate opinions offered by a psychological consultant).  What the substantial evidence standard demands is that the ALJ thoroughly reviewed the evidence such that the Court has no reason to think the RFC does not reflect all of Plaintiff's impairments.  *See Smith v. Kijakazi*, No. CV 21-203, 2022 WL 2048087, at *1 n.3 (W.D. Pa. June 7, 2022) (*Jones v. Comm'r of Soc. Sec.*, 297 Fed. Appx. 117, 120 (3d Cir. 2008)).  Here, the ALJ thoroughly reviewed the evidence in the record and explained why she found Plaintiff maintained the work capacity articulated in the RFC despite, *inter alia*, her alleged panic attacks, migraines, and manic episodes.  (R. 17).  Ultimately, Plaintiff's conservative treatment and condition when taking her medications as prescribed led the ALJ to the RFC set out in the decision.  (*Id.*).  The Court finds this explanation for the decision to be adequately stated and supported; therefore, the Court will affirm it.